**NCR CORPORATION, Plaintiff–Counterclaim–Defendant–Appellee,**

v.

**LEMELSON MEDICAL, EDUCATION AND RESEARCH FOUNDATION, a Limited Partnership, Defendant–Counterclaimant–Appellant.**

**Docket No. 01–7931.**

United States Court of Appeals, Second Circuit.

April 23, 2002.

8

Scott L. Nelson, Washington, DC, for Appellant.

James T. Malysiak, Freeman, Freeman & Salzman, Chicago, IL, for Appellee.

Present NEWMAN, KEARSE, B.D. PARKER, JR., Circuit Judges.

### SUMMARY ORDER

This cause came on to be heard on the record from the United States District Court for the Southern District of New York, and was argued by counsel.

ON CONSIDERATION WHEREOF, it is now hereby ordered, adjudged, and decreed that the judgment of said District Court be and it hereby is affirmed.

Defendant Lemelson Medical, Education and Research Foundation ("Lemelson") appeals from a final judgment of the United States District Court for the Southern District of New York, Sidney H. Stein, *Judge*, granting summary judgment for plaintiff NCR Corporation ("NCR") on its claims for a declaratory judgment and injunctive relief to enforce the terms of a contract between the parties, and dismissing Lemelson's counterclaims. On appeal, Lemelson argues principally that the district court erred in (1) finding that the contract unambiguously granted NCR's customers a license to use bar-code scanning equipment using Lemelson patents, (2) finding that Lemelson's unilateral mistake in agreeing to those terms did not render the contract unconscionable or warrant its rescission, and (3) referring NCR's motion for summary judgment, for report and recommendation, to a magistrate judge who had previously participated in confidential settlement discussions. Finding no basis for reversal, we affirm.

We reject Lemelson's first two contentions substantially for the reasons stated in Judge Stein's Order dated May 10, 2001, adopting the Report and Recommendation of Magistrate Judge Kevin Nathaniel Fox dated April 2, 2001.

We decline to entertain Lemelson's third contention because it has not been properly preserved. Although Magistrate Judge Fox, to whom the NCR summary judgment motion was referred for report and recommendation, had participated in settlement discussions with the parties, Lemelson made no objection to the referral of the motion until after it learned the substance of Magistrate Judge Fox's recommendation. While Lemelson asserts in this Court that it had not learned of the referral to Magistrate Judge Fox, that assertion provides no excuse, given, *inter alia*, that the referral was noted in the district court's docket sheets and that the motions thereafter remained pending before Magistrate Judge Fox for some 13 months before he rendered his report and recommendation. Further, Lemelson did not present its lack-of-notice claim to the district judge. The record does not suggest that the interests of justice require us to relieve Lemelson of its waivers.

We have considered all of Lemelson's contentions that are properly before us and have found them to be without merit. The judgment of the district court is affirmed.